UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH GONNOCCI REVOCABLE LIVING
TRUST,

    Plaintiff,

v.

THREE M TOOL & MACHINE, INC.,
ULTRA GRIP INT'L, INC., THREE M
HOLDING CORP., ULTRA GRIP NORTH,
INC., and MICHAEL A. MEDWID,

    Defendants.
_____/

Case No. 02-74796

Honorable Patrick J. Duggan

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND DENYING DEFENDANTS' MOTION TO DISMISS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 13, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                U.S. DISTRICT COURT JUDGE

On December 4, 2002, the Ralph Gonnocci Revocable Living Trust ("Trust") filed this lawsuit alleging that Defendants are infringing U.S. Patent No. 5,184,833 (the '833 Patent). According to the First Amended Complaint, the Trust is the owner of the '833 Patent. *See* First Am. Compl. ¶ 2. Defendants are Three M Tool & Machine, Inc., Ultra Grip International, Inc., Three M Holding Corporation, Ultra Grip North, Inc., and Michael A. Medwid (collectively "Defendants"). Presently before the Court are the following motions: (1) Defendants' motion to dismiss pursuant to Rules 12(b)(1) and (6) of the

1

Federal Rules of Civil Procedure, filed October 28, 2005; and (2) Plaintiff's motion for leave to amend the complaint in order to substitute the real party in interest, filed December 1, 2005. The Court held a hearing on these motions on January 12, 2006.

### Arguments in the Parties' Motions

Defendants seek dismissal of the Trust's lawsuit, arguing that because the Trust merely represents a property interest held by a trustee for the benefit of a beneficiary, it lacks standing and the capacity to bring the lawsuit and is not the real party in interest. Defendants contend that the Trust therefore cannot state a claim upon which relief can be granted and thus its claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Relying primarily on *Zurich Insurance Company v. Logitrans, Incorporated*, 297 F.3d 528 (6th Cir. 2002), and *American Federation of Government Employees v. United States Department of Justice*, 738 F.2d 742 (6th Cir. 1984), Defendants further contend that because the Trust lacks standing to bring this lawsuit, dismissal is appropriate pursuant to Rule 12(b)(1).

In response to Defendants' motion to dismiss, the Trust argues that it has demonstrated all of the elements of standing and therefore dismissal pursuant to Rule 12(b)(1) is improper. The Trust concedes that the trustee, Ralph Gonnocci (hereafter "Trustee"), is the real party in interest, *see* Resp. at 4; however the Trust argues that identification of the real party in interest is distinct from the issue of standing. Thus while the Trust concedes that the Trustee is the real party in interest, the Trust argues that because it has standing *American Federation* and *Zurich Insurance* are inapplicable to the pending matter and the Court has the authority to allow the Trust to substitute the real party in interest rather than dismiss the lawsuit. According to the Trust, its attorneys made an "understandable misnomer" when they named it rather than the

Trustee as the plaintiff. Relying on Rules 17(a) of the Federal Rules of Civil Procedure, the Trust therefore argues that the lawsuit should not be dismissed until it has a reasonable time to substitute the real party in interest after Defendants' objection– which the Trust notes Defendants only made after this lawsuit was almost three years old.  The Trust, therefore, has filed a motion for leave to amend the complaint in order to name the Trustee as the real party in interest.

## Applicable Law and Analysis

The Sixth Circuit has acknowledged that there is a distinction between questions of Article III standing and Rule 17(a) real party in interest objections.  *Zurich Insurance*, 297 F.3d at 532 (citations omitted).  A party may have standing but, pursuant to the governing law, may not be the proper party to bring a lawsuit.  *See Whelan v. Abell*, 953 F.2d 663, 672 (D.C. Cir. 1992)(discussing distinction between Article III standing and real party in interest concerns and explaining that a shareholder of a company may suffer a concrete injury fairly traceable to the defendant's conduct but that corporate law identifies the corporation as the real party in interest).  To establish Article III standing, a plaintiff must establish, at a minimum, the following elements:

> First, the plaintiff must have suffered an "injury in fact"– an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'"  Second, there must be a causal connection between the injury and the conduct complained of- the injury has to be "fairly . . . traceable to the challenged action of the defendant, and not . . . the result of the independent action of some third party not before the court."  Third, it must be "likely," as opposed to merely "speculative," that the injury will be redressed by a "favorable decision."

*Kardules v. City of Columbus*, 95 F.3d 1335, 1346 (6th Cir. 1996)(quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136 (1992)).

In this case, unlike the party originally named as the plaintiff in *Zurich Insurance*, the Trust satisfies the elements of Article III standing. As alleged in the First Amended Complaint, the Trust own the rights to the '833 Patent, Defendants are infringing the patent, and this infringement is harming the Trust's patent rights. *See* First Am. Compl. ¶¶ 2, 17-18 & request for relief. The Court therefore concludes that Defendants' motion to dismiss pursuant to Rule 12(b)(1) should be denied.

Thus the only issue that remains is whether the action should be dismissed pursuant to Rule 12(b)(6) because the Trust– rather than the real party in interest– has been named as the plaintiff. That issue is controlled by Rule 17(a) of the Federal Rules of Civil Procedure.

Rule 17(a) provides:

> Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought . . . *No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection* for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

FED. R. CIV. P. 17(a) (emphasis added). The advisory committee's notes to Rule 17 indicate that "[m]odern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed . . . The provision should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable

4

mistake has been made . . ." *Id.* advisory committee's note to the 1996 am.

The Court concludes that the Trust should be able to amend the complaint pursuant to Rule 17(a) in order to substitute the Trustee as the real property in interest.[1] Unlike the named plaintiff in *Zurich Insurance*, the Trust has an interest in the pending infringement claims and Article III standing, even though the law provides that only the Trustee may assert the Trust's interests. Moreover, the Trust and the Trustee are not totally separate entities. Finally, it does not appear that the attorney in this case named the Trust as plaintiff in order to stop the statute of limitations from running until a proper party in interest could be identified; rather it is more likely that the attorney simply misunderstood whether the Trust or the Trustee was the proper party in interest. The Court finds this mistake understandable.

In making this determination, the Court also takes into consideration Rule 15(a)'s guidance that "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). As the Supreme Court has instructed, a motion to amend a complaint only should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Foman v. Davis*, 371 U.S. 178, 183, 83 S. Ct. 227, 230 (1962); *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003). In this case, the Court does not find any of those circumstances

---

[1] The Court finds no merit to Defendants' final argument for denying the Trust's motion to amend the complaint– that Defendants will be seriously prejudiced by the substitution of the Trustee, Ralph Gonnocci. According to Defendants, they have various claims against Ralph Gonnocci (presumably as an individual) which they believe they arguably could be barred from bringing as counterclaims. *See* Resp. to Trust's Mot. at 3. As the Court stated at the motion hearing, Defendants may file any counterclaims they wish to pursue against the Trustee after they are served with the amended complaint. However, as the Court does not know what those claims are, it is not suggesting that the claims necessarily are proper counterclaims.

present to justify a denial of the Trust's motion.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for leave to amend the complaint is **GRANTED** and Plaintiff shall file its Second Amended Complaint within seven days from the date of this order;

**IT IS FURTHER ORDERED**, the Defendants' motion to dismiss pursuant to Rule 12(b)(1) is **DENIED** and Defendants' motion to dismiss pursuant to Rule 12(b)(6) is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED**, that in answering Plaintiff's Amended Complaint, Defendants may assert any appropriate affirmative defenses and any counterclaims they may have against the substituted Plaintiff.

                                       s/PATRICK J. DUGGAN
                                       UNITED STATES DISTRICT JUDGE

Copies to:
Rodger D. Young, Esq.
Daniel H. Bliss, Esq.
Jeffrey P. Thennisch, Esq.
Leonard K. Berman, Esq.