UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH GONNOCCI REVOCABLE
LIVING TRUST and RALPH J.
GONNOCCI, TRUSTEE,

       Plaintiffs,                         Case No. 02-74796

v.                                         Honorable Patrick J. Duggan

THREE M TOOL & MACHINE, INC.,
ULTRA GRIP INT'L, INC., THREE M
HOLDING CORP., ULTRA GRIP NORTH,
INC., and MICHAEL A. MEDWID,

       Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 29, 2006.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On December 4, 2002, the Ralph Gonnocci Revocable Living Trust ("Trust") filed this lawsuit alleging that defendants are infringing U.S. Patent No. 5,184,833. On January 13, 2006, this Court issued an opinion and order permitting the Trust to amend its complaint in order to substitute Ralph Gonnocci, its Trustee, as the real party in interest. On January 20, 2006, the Trust and Ralph Gonnocci as Trustee (collectively "plaintiffs"),

filed a second amended complaint. On February 8, 2006, defendants filed an answer and affirmative defenses to the second amended complaint, as well as an amended counter-complaint. Presently before the Court is plaintiffs' motion to strike defendants' answer, affirmative defenses, and amended counter-complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

On March 28, 2006, this Court issued an opinion and order granting defendants' motion for summary judgment with respect to count I of the plaintiffs' second amended complaint, the only claim alleged in the complaint. As a result, plaintiffs' motion to strike defendants' answer and affirmative defenses to the second amended complaint is moot. The Court's ruling, however, did not dispose of defendants' counterclaims against plaintiffs.

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, a party is required to "state as a counterclaim any claim . . . the pleader has against *any opposing party*, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . ." FED. R. CIV. P. 13(a) (emphasis added). Rule 13 further permits a party to "state as a counterclaim any claim against *an opposing party* not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." FED. R. CIV. P. 13(b) (emphasis added). Consistent with Rule 13, the Court stated at the hearing on the Trust's motion to amend its complaint and in its January 13, 2006 opinion and order granting that motion: "[d]efendants may file any counterclaims they wish to pursue against the Trustee after they are served with the amended complaint." The Court

noted, however, that "it [was] not suggesting that the claims necessarily are proper counterclaims."

Defendants, in response to plaintiffs' motion to strike, indicate that their counterclaims are directed at Ralph Gonnocci ("Gonnocci") in his capacity as Trustee *and* in his individual capacity.  As set forth above, Rule 13 of the Federal Rules of Civil Procedure requires or permits counterclaims only against *an opposing party*.  Gonnocci in his capacity as Trustee does not share the same identity as Gonnocci in his individual capacity.  *See Troxell v. Delaware, Lackawanne & W. RR Co.*, 227 U.S. 434, 33 S. Ct. 274 (1913)(explaining that a person sued in his or her representative capacity does not share its identity with the same person sued in his or her individual capacity); *see also Pension Benefit Guar. Corp. v. Beverly*, 404 F.3d 243, 248-49 (4th Cir. 2005)(holding that the plaintiff, in its corporate capacity, was not barred from bringing claims against the defendants based on the plaintiff's previous lawsuit against the defendants, as the plaintiff filed its previous suit in its capacity as a trustee). The Court therefore concludes that defendants' counterclaims against Gonnocci as Trustee are proper, but defendants' counterclaims against Gonnocci individually are not.

Accordingly,

**IT IS ORDERED**, that plaintiffs' motion to strike defendants' answer and affirmative defenses to plaintiffs' second amended complaint is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED**, that plaintiffs' motion to strike defendants' counter-complaint is **GRANTED IN PART AND DENIED IN PART** in that

defendants' counterclaims against Ralph Gonnocci individually are stricken.

                                                             s/PATRICK J. DUGGAN
                                                             UNITED STATES DISTRICT JUDGE

Copies to:
Rodger D. Young, Esq.
Daniel H. Bliss, Esq.
Jeffrey P. Thennisch, Esq.
Leonard K. Berman, Esq.