UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH J. GONNOCCI REVOCABLE
LIVING TRUST,

      Plaintiff,

v.                                        Case No. 02-74796
                                        Honorable Patrick J. Duggan

THREE M TOOL & MACHINE, INC.,
ULTRA GRIP INTERNATIONAL, INC.,
THREE M HOLDING CORP.,
ULTRA GRIP NORTH, INC., and
MICHAEL A. MEDWID,

      Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS' COMBINED MOTION AND BRIEF FOR ATTORNEY FEES AND NONTAXABLE COSTS UNDER 35 U.S.C. § 285 AND FEDERAL RULE OF CIVIL PROCEDURE 54(d)**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 13, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

On December 4, 2002, the Ralph Gonnocci Revocable Living Trust ("Trust") filed this lawsuit alleging that Defendants are infringing U.S. Patent No. 5,184,833 (the '833 Patent). Defendants filed a counter-complaint against the Trust seeking a declaratory judgment that the '833 Patent is invalid, unenforceable, and not infringed (Count I) and alleging unfair competition (Count II), unjust enrichment (Count III), and common law

1

trademark infringement (Count IV).  The parties subsequently filed motions for summary judgment with respect to the Trust's patent infringement claim.  The Trust filed a single motion; Defendants filed six motions, asserting in each motion a different basis for dismissing Plaintiff's claim or request for damages.  On March 28, 2006, this Court issued an opinion and order granting summary judgment to Defendants based on the shop rights doctrine set forth in one of their motions for summary judgment.  Following the Court's decision, on June 22, 2006, Defendants filed the pending motion seeking attorney fees and nontaxable costs pursuant to 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure.  Shortly thereafter, on June 27, 2006, the parties stipulated to the dismissal of Defendants' counter-claims.[1]

Section 285 simply provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  28 U.S.C. § 285.  While it is within the discretion of the trial judge whether to award the prevailing party attorney fees pursuant to this section, such an award may be made only once the prevailing party establishes the exceptional nature of the case by clear and convincing evidence.  *Mach. Corp. of Am. v. Gullfiber AB*, 774 F.2d 467, 471 (Fed. Cir. 1985).  As the Sixth Circuit has provided, attorney fees only should be awarded in a patent case "if the trial court specifically finds conduct that is unfair, in bad faith, inequitable or unconscionable."  *Deyerle v. Wright Mfg. Co.*, 496 F.2d 45, 54-55 (6th Cir. 1974).  The Federal Circuit  has found

---

[1]The parties agreed to the dismissal of Count I of Defendants' counter-complaint without prejudice and the dismissal of Counts II-IV with prejudice.

"exceptional" circumstances warranting an award of attorney fees under Section 285 where the losing party engaged in misconduct during litigation or in vexatious or unjustified litigation or pursued a frivolous lawsuit.  *Standard Oil Co. v. Am. Cyanamid Co.*, 774 F.2d 448, 455 (Fed. Cir. 1985).  "A frivolous infringement suit is one which the patentee knew or, on reasonable investigation, should have known, was baseless." *Haynes Int'l, Inc. v. Jessop Steel Co.*, 8 F.3d 1573, 1579 (Fed. Cir. 1993).

Applying the above criteria, the Court does not believe that this is an "exceptional case" which warrants the award of attorney fees.  Defendants have failed to persuade this Court of the "exceptional nature of the case by clear and convincing evidence."

Therefore,

**IT IS ORDERED** that Defendants' combined motion for attorney fees and nontaxable costs is **DENIED**.

                                                            s/PATRICK J. DUGGAN
                                                            UNITED STATES DISTRICT JUDGE

Copies to:
Rodger D. Young, Esq.
Daniel H. Bliss, Esq.
Jeffrey P. Thennisch, Esq.
Leonard K. Berman, Esq.